IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH BORGES,

      Plaintiff,

v.

BANK OF AMERICA, N.A.,
et al.,

      Defendants.

CIVIL ACTION NO.
1:11-cv-3363-JEC

**ORDER AND OPINION**

This case is before the Court on the Magistrate Judge's Final Report and Recommendation [23] recommending denying plaintiff's [11] Motion to Remand; granting defendant Barrett Daffin Frappier Levine & Block, LLP's Motion to Dismiss [2]; granting as unopposed in part and denying as moot in part defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., CWABS, Inc., and the Bank of New York Mellon's Motion to Dismiss [14]; dismissing as abandoned certain claims; and dismissing the complaint. On May 15, 2012, plaintiff filed Objections [25] to the Report and Recommendation [23].

The Court has reviewed the Final Report and Recommendation ("R&R") [23] and finds the magistrate judge's conclusions to be well-founded. It therefore adopts the R&R in all respects except as to the wrongful foreclosure claim, found in Count VI. As the Court has recently certified the question implicit in that claim to the Georgia Supreme Court, it **DENIES WITHOUT PREJUDICE** defendants' motion to dismiss [14] that claim and stays resolution, pending an answer from our State's highest court.

## **DISCUSSION**

This Court agrees with the magistrate judge that plaintiff's motion to remand [11] should be denied.[1] The Court likewise agrees that defendant Barrett Daffin's Motion to Dismiss [2] should be granted. As defendants have noted, there were no allegations in the complaint directed at Barrett Daffin. (R&R [23] at 9.) Second, as the magistrate judge noted, plaintiff, who is represented by counsel, failed to respond to defendant Barrett Daffin's motion to dismiss, which inaction

---

[1] In her objections, plaintiff does not contest the magistrate judge's determination that she has failed to allege a violation of the Fair Debt Collection Practices Act, as set out in count VIII. Indeed, plaintiff argues that dismissal of that federal claim should have led to a remand of the case.

2

indicates no opposition to the motion. (*Id.* at 3, n.1.) Finally, plaintiff has not objected to the magistrate judge's recommendation that defendant Barrett Daffin be dismissed. (*See* Pl.'s Obj. [25] at 3-4)("[p]laintiff objects to...denial of Remand...and to 'second motion to dismiss [being] granted....'"). The second motion to dismiss was the Bank Defendants' motion [14]. (*See* R&R [23] at 1-2.)

As to the Bank Defendants' motion to dismiss [14], the Court agrees with the magistrate judge's reasoning and concurs that it has been very difficult to parse plaintiff's arguments to understand exactly what contentions and claims are being made. The magistrate judge nevertheless made an extensive effort to so and found all plaintiff's claims wanting. The Court agrees with that conclusion. Yet, as there has been some development in the law since the magistrate judge issued his R&R, the Court will permit the plaintiff to file an amended complaint as to the one ostensible count that could be affected by this development: the wrongful foreclosure claim.

As to this count, plaintiff is, for the most part, echoing the now-familiar argument made by debtors who have ceased making payments on their mortgage, but who nonetheless resist

foreclosure and/or eviction.  Specifically, the typical argument is that the holder of the security deed, which is almost always the entity seeking to foreclose, is not a "secured creditor," which is the entity that the Georgia foreclosure statutes permits to initiate a nonjudicial foreclosure proceeding. Instead, the debtors argue, it is only the holder of the note who can pursue foreclosure.

This Court has recently discussed the emerging split in this district concerning the merits of the above argument.  *See Chae Yi You and Chur K. Back v. JPMorgan Chase Bank, N.A., and Fed. Nat'l Mortg. Assoc.,* 1:12-cv-202-JEC-AJB (Order and Op. [15] and Order [16] dated Sept. 7, 2012).  In the *You* decision, the Court certified the above question to the Georgia Supreme Court.

As plaintiff appears to be asserting the above-described claim as a part of her recitation in Count VI (Failure to Comply With State Statutes), the Court **DENIES without prejudice** the Bank Defendants' motion to dismiss the wrongful foreclosure

claim that may be discerned in this count.[2]  As recommended by the magistrate judge, **all other claims are dismissed**.

In the interim, the plaintiff should file an amended complaint realleging her wrongful foreclosure claim to the extent that this claim alleged that defendants were not the secured creditors.[3]  This should be done **within 30 days** from the date of this Order.  The case as to this claim will, however, be stayed pending resolution by the Georgia Supreme Court.  Defendants are not required to file an Answer to that amended claim until after a decision by the latter court, after which a new scheduling order will be issued.

## CONCLUSION

It is hereby Ordered that, with one exception, the Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation [23] **DENYING** plaintiff's [11] Motion to Remand**,** and **GRANTING** defendant Barrett Daffin Frappier Levine & Block, LLP's Motion

---

[2]  To the extent that plaintiff is also seeking to make some claim in Count VI against the type of "financing vehicle" used by defendants, those claims are dismissed.

[3]  This claim shall not be gummed up with allegations of predatory lending and the like, as the Court has dismissed any claims alleging anything other than wrongful foreclosure in violation of the applicable Georgia foreclosure statute.

5

to Dismiss [2] **GRANTING as unopposed in part** and **DENYING as moot in part** defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., CWABS, Inc., and the Bank of New York Mellon's Motion to Dismiss [14]**, DISMISSING as abandoned** certain claims, and **DISMISSING** this action.

The exception is that plaintiff may replead the wrongful foreclosure claim within 30 days from the date of this Order. That claim will be stayed pending resolution of this issue by the Georgia Supreme Court, and the defendants will not have to file an answer until that time. Except for the wrongful foreclosure claim, all other claims are dismissed for the reasons set out by the magistrate judge. Accordingly, defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., CWABS, Inc., and the Bank of New York Mellon's Motion to Dismiss [14] is **GRANTED in part and DENIED in part.** All other parts of the magistrate judge's R&R [23] stand.

SO ORDERED, this <u>19th</u> day of SEPTEMBER, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6